UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC.,                :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC., AND              :
THE MCGRAW-HILL COMPANIES, INC.,
                                        :
                    Plaintiffs,
                                        :
          -against-                            07 Civ. 8029(GBD)
                                        :
JOHN DOE D/B/A EDISON THOMAS
D/B/A EDISONEE D/B/A BOOK               :
COLLECTOR AND JOHN DOES NOS. 1-5,
                                        :
                    Defendants.
                                        :
- - - - - - - - - - - - - - - - - -x

DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT
OF PLAINTIFFS' APPLICATION FOR AN ORDER
ALLOWING SERVICE ON DEFENDANT BY E-MAIL AND
ALLOWING SERVICE A SUBPOENA ON PAYPAL.COM

WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1.   I am a member of the bar of this Court and the firm of Dunnegan LLC, attorneys for plaintiffs in this action, which was filed on September 12, 2007.

2.   I am making this declaration in support of plaintiffs' application for an order authorizing plaintiffs (i) pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York CPLR § 308(5), to serve defendant John Doe d/b/a Edison Thomas d/b/a Edisonee d/b/a Book Collector ("Edison Thomas") with the summons and complaint

in this action by e-mail, and (ii) pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, to serve a subpoena on PayPal, Inc. ("PayPal") to identify and locate defendants Edison Thomas and John Does Nos. 1-5.

3. Under Rule 4(e)(1), the Court has authority to permit service on an individual defendant located in the United States by any means available under the laws of the State in which the Court sits. Under CPLR § 308(5), a plaintiff may accomplish service in any manner that the Court directs, if service is not practical under CPLR § 308 (1), (2) or (4). See D.R.I. Inc. v. Dennis, 2000 U.S. Dist. LEXIS 22541 (S.D.N.Y. 2004)(Leisure, J.); See generally Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002)(Affirming lower court's decision permitting service on foreign defendant via e-mail).

4. In this case, neither service nor substitute service under CPLR § 308 (1), (2), or (4) is feasible.

5. The complaint alleges that defendants have sold electronic copies of plaintiffs' copyrighted instructors solutions manuals through online sales www.nnseek.com, www.gumtree.com, www.sparknotes.com and www.mathforum.org using the email address edisonee@gmail.com.

6. By purchasing instructors solutions manuals from defendants, plaintiffs were able to obtain defendants' e-mail addresses and the name of Edison Thomas.

7. We have been, by searching the Internet, unable to locate a physical address for the defendant.

8. Due to the electronic nature of Edison Thomas's business, we seek an order authorizing us to serve him using the e-mail addresses used in processing his sales, edisonee@gmail.com.

9. Under these circumstances, service to this e-mail address is reasonably calculated to give notice to Edison Thomas, and much more likely to give him actual notice of the action than service by publication.

10. Other judges of this Court have granted similar applications to serve a defendant by e-mail. A copy of the order of Judge Sprizzo in the action entitled John Wiley & Sons, Inc. v. Abdel Ghani d/b/a "bubblesolutions," Index No. 05 Civ. 2319, is attached as Exhibit A. A copy of the order of Judge Owen in the action entitled John Wiley & Sons, Inc. v. Athmane en Nasseri d/b/a "science help," Index No. 05 Civ. 2575, is attached as Exhibit B.

11. As the payment system used by Edison Thomas, PayPal probably knows the true identity and location of the individual or individuals using the name Edison Thomas.

12. Under Rule 26(d), however, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Without the identities and locations of the defendants, this conference is not possible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of September 2007 in New York, New York.

_____William Dunnegan_____
William Dunnegan